## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MIDLAND STATES BANK, as Guardian of the Minor Children and Independent Administrator of the Estate of JULIA CASTELLANOS, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. |
| THE UNITED STATES OF AMERICA; U. S. HEALTH AND HUMAN SERVICES; THE HEALTH RESOURCES AND SERVICES ADMINISTRATION | ) ) ) ) ) | |
| Defendant. | ) ) | |

### COMPLAINT

NOW COMES the Plaintiff, MIDLAND STATES BANK, as Guardian of the Minor

Children and Independent Administrator of the Estate of JULIA CASTELLANOS, Deceased,

(hereafter "Plaintiff") by and through its attorneys, McCALLISTER LAW GROUP, LLC, and

for its Complaint against the Defendant, THE UNITED STATES OF AMERICA; U.S.

HEALTH AND HUMAN SERVICES; THE HEALTH RESOURCES AND SERVICES

ADMINISTRATION (hereafter "USA") states and alleges as follows:

### PARTIES

1.     Plaintiff is a citizen and resident of Yorkville, Kendall County, Illinois and is the

duly appointed Guardian of the Minor Children and Independent Administrator of the Estate of

Julia Castellanos, deceased, pursuant to the orders of the Circuit Court of Cook County, Illinois, Probate Division dated January 13, 2017, which are attached here and incorporated herein as Exhibit A.

2.      The USA, through its Department of Health and Human Services; The Health Resources and Services Administration ("HRSA"), federally funded Access Community Health Network d/b/a Access Hawthorne Family Health Center (hereafter "Access") who employed Lemuel Shaffer, M.D. as a federally deemed employee and/or duly-authorized agent of a federally deemed clinic, at all times material hereto in Cicero, Illinois and/or Chicago, Illinois. The Defendant USA may be served with process by serving the United States Attorney for the Northern District of Illinois, 219 S. Dearborn Street, 5th Floor, Chicago, Illinois, and by service upon the Attorney General of the United States, Department of Justice, at 950 Pennsylvania Avenue, Washington, D.C. 20530-0001.

<b><u>VENUE AND JURISDICTION</u></b>

3.      The Court has jurisdiction of this case by virtue of the Federal Tort Claims Act, 28 USC §1346(b).

4.      Venue is properly located in this judicial district as the Plaintiff maintains offices and transacts business within Chicago, Cook County, Illinois, and as such is a resident and citizen of the state of Illinois even though it maintains its principal place of business at 1233 N. Mayfield Road, Suite 202, Milwaukee, Wisconsin 53266.

5.      The cause of action giving rise to this claim occurred in Chicago, Cook County, Illinois.

6.      Plaintiff has complied with all administrative requirements of the Federal Tort Claims Act by filing its Form 95 with the U.S. Department of Health and Human Services; The

2

Health Resources and Services Administration ("HRSA") on October 7, 2016, which agency acknowledged receipt on October 12, 2016, and confirmed that Lemuel Shaffer, M.D. and Access are deemed to be agents, employees and facilities of the USA. A copy of the Form 95 is attached hereto, incorporated herein by reference and marked as Exhibit B. Amended Form 95's were submitted to the U.S. Department of Health and Human Services and HRSA on ("HRSA") on May 12, 2017 and December 22, 2017. The Amended Form 95's are attached hereto, incorporated by reference and marked as Exhibits C and D respectively.

7.     The Defendant, USA, by letter dated July 24, 2017, issued its Notice of Final Determination denying Plaintiff's administrative tort claim. This letter is attached hereto, incorporated herein by reference and marked as Exhibit E.

8.     The Plaintiff, by letter dated November 2, 2017, requested reconsideration of the Notice of Final Determination denying Plaintiff's administrative tort claim dated July 24, 2017. This letter requesting reconsideration is attached hereto, incorporated by reference and marked as Exhibit F. The Defendant, USA, by letter dated January 10, 2018, denied the request for reconsideration. This letter is attached hereto, incorporated by reference and attached hereto as Exhibit G.

9.     As a result of the above filings and letters marked as Exhibits B-G, inclusive, the Plaintiff has fully exhausted its administrative remedies and may now proceed with suit against the Defendant. This suit is timely as it is commenced within six (6) months of the Notice of Final Determination issued on January 10, 2018. (Exhibit G.)

10.     This action is against the Defendant USA, through the acts and omissions, its agents, servants and federally deemed employees and facilities, including Access and Lemuel Shaffer, M.D. for his negligent medical care and treatment of Julia Castellanos, deceased. The

above named agents, servants and federally deemed employees and facilities of the Defendant were, at all times material hereto, working for the covered entity's patient, within the scope of project of the covered entity, and acting within the scope of the employment of the covered individual for the Defendant, and more particularly for the federally funded group medical clinic and facility, Access, located in Cicero and Chicago, Illinois.

## **FACTUAL STATEMENT**

11. This action is brought pursuant to the Federal Tort Claims Act, (June 25, 1946, ch.646, Title IV, 60 Stat. 812, "28 U.S.C. Pt.VI Ch.171" and 28 U.S.C. § 1346(b))

12. On or before November 16, 2015, Lemuel Shaffer, M.D. was a physician licensed by the state of Illinois to practice medicine in all of its branches, and he was practicing medicine in the state of Illinois as a federally deemed employee, covered individual, and/or duly authorized agent of Access.

12. On or before November 16, 2015, Access was an Illinois corporation offering professional group medical services, including but not limited to, obstetrical and gynecological services to members of the public in the City of Chicago, County of Cook and State of Illinois.

13. On November 16, 2015, the Plaintiff's decedent, Julia Castellanos, was a patient of Access and Lemuel Shaffer, M.D., and she was admitted to the service of Lemuel Shaffer, M.D. at Mount Sinai Hospital and Medical Center of Chicago to undergo an emergent Cesarean section by her attending physician, Lemuel Shaffer, M.D., and others for whom he had supervisory responsibility, all of which was a "covered activity" within the covered entity's scope of project, and within the scope of employment of Lemuel Shaffer, M.D., a covered individual.

4

14.    On November 16, 2015, Lemuel Shaffer, M.D., a duly authorized agent, servant and/or employee of Access and the Defendant USA, provided medical treatment to Julia Castellanos, deceased.

15.    On November 16, 2015, while caring for Julia Castellanos, deceased, Lemuel Shaffer, M.D. and his medical clinic group, Access, had a duty to possess and apply the skill and care of a reasonably and well qualified careful physician in the same or similar circumstances and to be free from negligence, including but not limited to:

    a.    The duty to supervise Kanika Sood, M.D., the Chief Ob-Gyn resident who was involved in the surgical care and treatment of Julia Castellanos, deceased;

    b.    The duty to supervise the operating nurses and staff involved in the care and treatment of Julia Castellanos, deceased; and

    c.    The duty to supervise Mary Kammann, CRNA, during the surgical procedure, as he was the attending physician in the operating room for at least 36 to 41 minutes.

16.    On November 16, 2015 and at all times material, Julia Castellanos, deceased, suffered an esophageal intubation during her surgical procedure being performed by Lemuel Shaffer, M.D.

17.    Despite this duty of reasonable care on November 16, 2015, Lemuel Shaffer, M.D., as the actual agent, servant, and employee of Access, deviated from the applicable standard of care and was negligent thereby directly and proximately causing Julia Castellanos, deceased, to suffer an anoxic brain injury resulting in her wrongful death on November 19, 2015.

18.    The Defendant, USA, is vicariously liable for the negligent acts and omissions of its federally deemed agents, servants, employees and facilities under the doctrine of *respondeat superior*.

19.     At the time of her death, Julia Castellanos, deceased, was 27 years of age (DOB: 9/24/1988) and ultimately the mother of two minor children, fathered by her fiancé, Daniel Klein.

## COUNT I – CLAIM FOR WRONGFUL DEATH

20.     The Plaintiff's decedent, Julia Castellanos, was admitted to Mount Sinai Hospital and Medical Center of Chicago through the service of Lemuel Shaffer, M.D., her attending physician, as a result of her presenting emergently to the labor and delivery department of said hospital in advance of her delivery of a baby boy by Cesarean section.

21.     On November 16, 2015, the Plaintiff's decedent, Julia Castellanos, underwent an emergent Cesarean section surgical procedure at Mount Sinai Hospital and Medical Center of Chicago by her attending physician, Lemuel Shaffer, M.D. and others.

22.     On November 16, 2015, Lemuel Shaffer, M.D. provided medical treatment to Julia Castellanos, deceased, as the actual agent, servant, and employee of Access, which is a federally funded group medical clinic and facility of HRSA, a department of the Defendant USA.

23.     On November 16, 2015, while caring for Julia Castellanos, deceased, Lemuel Shaffer, M.D. had a duty to possess and apply the skill and care of a reasonably well qualified, careful obstetrical and gynecological physician in the same and similar circumstances and to be free from negligence.

24.     On November 16, 2015, and at all times material, Julia Castellanos, deceased, suffered an esophageal intubation.

25.     Despite this duty of reasonable care, on November 16, 2015, the Defendant, USA, by and through its actual agents, servants, employees and facilities, Lemuel Shaffer, M.D. and

6

Access, deviated from the standard of care and was careless or negligent in one or more of the following respects:

      a.      Failed to adequately monitor Julia Castellanos' vital signs throughout the November 16, 2015 Cesarean section surgery;

      b.      Failed to adequately supervise the staff in the operating room during the Cesarean section surgery, including the Chief Ob-Gyn resident, Kanika Sood, M.D., the nurse anesthetist, Mary Kammann, and nurses to confirm that Julia Castellanos was receiving oxygen, general anesthesia, and was at all times otherwise hemodynamically and medically stable;

      c.      Failed to properly communicate with the anesthesia personnel preoperatively and intraoperatively to appropriately monitor and ascertain Julia Castellanos' vital signs throughout the November 16, 2015 Cesarean section surgery;

      d.      Failed to recognize and manage the lack of oxygen and loss of vital signs during the November 16, 2015 Cesarean section procedure for a period as long as 36 minutes so as to avoid anoxic brain injury to the patient during surgery;

      e.      Was otherwise careless and negligent in the medical management of Julia Castellanos, deceased, during the November 16, 2015 surgical procedure.

26.      As a direct and proximate result of one or more of the aforementioned deviations from the applicable standard of care, Julia Castellanos, deceased, suffered an anoxic brain injury resulting in her wrongful death on November 19, 2015.

27.      The Defendant, USA, is vicariously liable for the negligent acts and omissions of its federally deemed agents, servants, employees and facilities under the doctrine of *respondeat superior*.

28.      At the time of her death, Julia Castellanos, deceased, was engaged to Daniel C. Klein, who is also the father of their two minor male children.

29.     As a result of the death of Julia Castellanos, her two minor children have suffered and continue to suffer from the loss of love, affection, companionship, guidance, support and society of their mother which they enjoyed prior to her death.

30.     As a result of the death of Julia Castellanos, her two minor children have suffered from the grief and sorrow associated with the loss of their mother.

31.     On January 13, 2017, the Plaintiff was appointed as Guardian of the Minor Children and Independent Administrator of the Estate of Julia Castellanos, deceased, by the Circuit Court of Cook County, Probate Division.

32.     Plaintiff has attached hereto and incorporates herein by reference the medical opinion letter and affidavit of counsel in compliance with 735 ILCS 5/2-622.

33.     The Plaintiff brings this cause of action pursuant to 740 ILCS 180/1, 180/2, 180/2.1 referred to as the "Illinois Wrongful Death Act".

WHEREFORE, Plaintiff Midland States Bank, as Guardian of the Minor Children and Independent Administrator of the Estate of Julia Castellanos, deceased, demands judgment against the Defendant, The United States of America, for the negligent acts and omissions of its agents, servants and federally deemed employees and facilities, Lemuel Shaffer, M.D. and Access, in an amount of money in excess of $75,000 and for costs of suit.

## COUNT II – NEGLIGENCE – SURVIVAL ACT

34.     Plaintiff Midland States Bank, as Guardian of the Minor Children and Independent Administrator of the Estate of Julia Castellanos, deceased, by and through its attorneys, McCallister Law Group, LLC, brings this claim for survival action against the Defendant USA and its actual agents, servants and employees, Lemuel Shaffer, M.D. and Access, and states as follows:

8

35.     Plaintiff incorporates by reference paragraphs 1 through 33 as if fully set forth herein and further alleges as follows:

36.     Plaintiff brings Count II as Guardian of the Minor Children and Independent Administrator of the Estate of Julia Castellanos, deceased, to recover damages resulting from injuries to Julia Castellanos and her conscious pain and suffering pursuant to common law and the Illinois Survival statute 755 ILCS 5/27-6.

37.     As a direct and proximate result of one or more of the aforementioned deviations from the standard of care as alleged in paragraph 25(a)-(d) above, Julia Castellanos, deceased, suffered conscious pain and suffering, fear, mental suffering and sadness for a period of time prior to her death.

38.     The Plaintiff is entitled to recover compensatory damages for the personal injury sustained by Julia Castellanos, deceased, for her conscious pain and suffering, fear, mental suffering and sadness as a result of the negligent acts and omissions of the Defendant, USA, its agents, servants and federally deemed employees and facilities for which the Defendant, USA, is vicariously liable under the doctrine of *respondeat superior*.

39.     Plaintiff has attached hereto and incorporates herein by reference the medical opinion letter and affidavit of counsel required pursuant to 735 ILCS 5/2-622.

WHEREFORE, Plaintiff Midland States Bank as Guardian of the Minor Children and Independent Administrator of the Estate of Julia Castellanos, deceased, demands judgment against the Defendant USA for the negligent acts and omissions of its agents, servants and federally deemed employees and facilities, Lemuel Shaffer, M.D. and Access in an amount in excess of $75,000 and for the costs of this suit.

Dated:  April 18, 2018

Respectfully submitted,

McCALLISTER LAW GROUP, LLC

By:    */s/Gary D. McCallister*
       Gary D. McCallister

Gary D. McCallister
Marc E. McCallister
Judson M. Graham
McCALLISTER LAW GROUP, LLC
120 N. LaSalle Street, Suite 2800
Chicago, IL 60602
(312) 345-0611 – Telephone
(312) 345-0612 – Facsimile
gdm@mccallisterlawgroup.com
mem@mccallisterlawgroup.com
jmg@mccallisterlawgroup.com

10

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MIDLAND STATES BANK, as Guardian of the Minor Children and Independent Administrator of the Estate of JULIA CASTELLANOS, Deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. |
| THE UNITED STATES OF AMERICA, U. S. HEALTH AND HUMAN SERVICES; THE HEALTH RESOURCES AND SERVICES ADMINISTRATION | ) ) ) ) ) | |
| Defendants. | ) | |

## ATTORNEY'S AFFIDAVIT PURSUANT TO 735 ILCS 5/2-622

I, Gary D. McCallister, have consulted and reviewed the facts of this case with a physician who I reasonably believe:

1.    Is knowledgeable in the relevant issues involved in this particular action;

2.    Practices or has practiced within the last six (6) years or teaches or has taught within the last six (6) years in the same area of health care or medicine that are at issue in this particular action; and

3.    Is qualified by experience or demonstrated competence in the subject of this case.

4.    The reviewing physician is board certified in obstetrics and gynecology and is licensed to practice medicine in all of its branches.

5.    The reviewing physician has determined a written report, after a review of the medical records available, that there is a reasonable and meritorious cause for the filing of such action; and

6.    I have concluded on the basis of the reviewing physician's review and consultation that there is a reasonable and meritorious cause for filing of this action. The aforesaid consultation applies to the care and treatment provided to Julia Castellanos, deceased, and rendered by Lemuel Shaffer, M.D. and Access Hawthorne Family Medical Center.

This affidavit is provided pursuant to 735 ILCS 5/2-622.

FURTHER, Affiant sayeth naught.

_____
Gary D. McCallister

SUBSCRIBED and SWORN before me

this 18th day of April, 2018.

_____
NOTARY PUBLIC

> OFFICIAL SEAL
> GEORGE RODRIGUEZ
> NOTARY PUBLIC - STATE OF ILLINOIS
> MY COMMISSION EXPIRES:08/24/20

**McCallister Law Group, L.L.C.**
120 North LaSalle Street
Suite 2800
Chicago, Illinois 60602
(312) 345-0611
(312) 345-0612 (fax)
mem.mccallisterlawgroup.com
Bar ID No.: 6286826

2

MEDICAL OPINION LETTER PURSUANT TO 735 ILCS 5/2-622
AGAINST LEMUEL SHAFFER, M.D. AND ACCESS HAWTHORNE
FAMILY MEDICAL CENTER

I am a physician licensed to practice medicine in all of its branches in the State of California, and I am board certified by the American Board of Obstetrics and Gynecology. I have practiced in the area of obstetrics and gynecology since 2007 and within the last six (6) years in the same areas of medicine that are at issue in this case. I am qualified on the basis of my education, training and experience to address the issues of this case. All of the opinions disclosed are expressed within a reasonable degree of medical certainty.

I have reviewed the medical records of Julia Castellanos, deceased, relating to the delivery of baby boy Klein on November 16, 2015 at Mount Sinai Hospital. I have also reviewed the medical records for the minor boy delivered on November 16, 2015, and the prenatal records of Lemuel Shaffer, M.D. and Access Hawthorne Family Health Center.

Julia Castellanos, deceased, 27-year-old G2P2L1 with an IUP at 38 weeks and 5 weeks gestation with a previous Cesarean section x1 came to the labor room triage of Mount Sinai Hospital in Chicago, Illinois, complaining of vaginal bleeding which reportedly started an hour before, along with moderate cramping on the right side. The fetus was noted to have non-reassuring heart tones in triage while Ms. Castellanos was being observed. On exam, the cervix was closed. The patient had stable vital signs at that time. During the evaluation of the patient, an abruption was suspected and fetal bradycardia was charted. The decision was made to immediately proceed to Cesarean section. An emergent Cesarean section was called, and the patient was told the Cesarean section was recommended and urgent for fetal well-being. Anesthesia was paged. The patient was taken to the operating room.

The patient arrived in the operating room at 19:55 hours and the CRNA responded to the page. The CRNA evaluated the patient at 20:00 hours, anesthesia was administered and the patient was intubated at 20:04 hours. The surgical procedure began immediately. Following incision at 20:04 hours, the baby was delivered at 20:10 hours. Following delivery of Baby Boy Klein (later named Patrick Klein), Dr. Shaffer and Dr. Sood began manual massage of the uterine fundus. An IV drip of Pitocin was ordered and administered to facilitate uterine contractions. The uterus was found to be "very boggy" and "atonic". Ten units of Pitocin were given twice intra-myometrically and 50 mcg of Hemobate was given twice. Uterine massage was continued until the bleeding was noted to be minimal. At that time the uterus was closed in one layer. The estimated blood loss at surgery was 400 ml.

At approximately 20:30 hours, a code blue was called due to cardiac arrest. The attending anesthesiologist was paged a second time at 20:36 hours. He responded at approximately 20:40 hours and determined that Julia Castellanos was pulseless, and that pulse oximetry, heart rate, blood pressure and pulse were not shown on the monitor. The endotracheal tube was checked by the attending anesthesiologist and was found to be in the esophagus rather than the trachea. The patient was in asystole. CPR was immediately initiated, and after reintubation was accomplished and the tube was placed in the trachea, the code blue team continued with CPR and took over the code. After the patient's heart rate returned and blood pressure was noted, the abdomen was closed. The patient was transferred to the MICU for follow-up care. As a result of her anoxia, the patient was ventilator dependent and she expired on November 19, 2015.

In my opinion, there were multiple failures by Dr. Shaffer and Access Hawthorne Family Health Center that failed to meet the relevant standard of care, including:

2

1.    Failed to adequately monitor Julia Castellanos' vital signs throughout the November 16, 2015 cesarean section surgery.

2.    Failure to properly communicate with the anesthesia personnel preoperatively and intraoperatively to appropriately monitor and ascertain Julia Castellanos' vital signs through the November 16, 2015 cesarean section surgery.

3.    Failed to recognize and manage the lack of oxygen and loss of vital signs during the November 16, 2015 cesarean section procedure for a period as long as 36 minutes so as to avoid anoxic brain injury to the patient during surgery.

The above departures from the applicable standards of care were a medical cause of Ms. Castellanos' anoxic brain injury and death.

This is a reasonable and meritorious case.

3