**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MIDLAND STATES BANK, as Guardian of the Minor Children and Independent Administrator of the Estate of JULIA CASTELLANOS, Deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | No. 1:18-cv-02775 |
| vs. | ) ) ) | |
| THE UNITED STATES OF AMERICA, | ) ) ) | |
| Defendants. | ) | |

### PLAINTIFF'S AGREED MOTION AND MEMORANDUM FOR JOINDER OF A STATE COURT DEFENDANT PURSUANT TO FRCP 20(a)(2) and 28 USC §1367(a)

NOW COMES the Plaintiff, MIDLAND STATES BANK, as Guardian of the Minor Children and Independent Administrator of the Estate of JULIA CASTELLANOS, deceased, by and through its attorneys, McCALLISTER LAW GROUP, LLC, and in support of this agreed motion for the joinder of a state court defendant in this proceeding, the Plaintiff shows the Court as follows:

### TABLE OF EXHIBITS

Exhibit A – Plaintiff's Seventh Amended Complaint, Circuit Court No.: 2015 L 12852.

Exhibit B – Plaintiff's October 7, 2016 Administrative Claim Form 95.

Exhibit C – Plaintiff's May 12, 2017 Amended Form 95.

Exhibit D – Plaintiff's December 22, 2017 Amended Form 95.

Exhibit E – U.S. Dept. Health and Human Services' correspondence.

Exhibit F – U.S. Dept. Health and Human Services' July 24, 2017 claim denial.

Exhibit G – Plaintiff's November 2, 2017 request for reconsideration.

Exhibit H – U.S. Dept. Health and Human Services' January 10, 2018 final denial.

## INTRODUCTION

1.　　On December 22, 2015, a multi-count complaint was filed in the Circuit Court of Cook County, Illinois against Sinai Health System, an Illinois Corporation, Mount Sinai Hospital, an Illinois Corporation (hereafter "MSH"), Mount Sinai Medical Group, Ltd., an Illinois Corporation (hereafter "SMG"), and Domingo I. Osunero, Jr., M.D., alleging medical negligence that resulted in an anoxic brain injury and the ultimate wrongful death of Julia Castellanos, deceased.

2.　　Over the course of the state court litigation, numerous amendments to the pleadings became necessary with the most recent complaint filed in the state court being Plaintiff's Seventh Amended Complaint at Law. (See Exhibit A). Much like the initial Complaint at Law filed in the Circuit Court of Cook County, Illinois, the Seventh Amended Complaint at Law included allegations of negligent acts or omissions in the care and treatment of Julia Castellanos, deceased, but did not include such allegations against Lemuel Shaffer, M.D. and Access Community Health Network d/b/a Access Hawthorne Family Health Center (hereafter "Access") who could not be joined in that proceeding due to their being federally deemed employees of the United States of America and subject only to the exclusive jurisdiction of this Court.

3.　　This proceeding names the United States of America as the Defendant that employed Lemuel Shaffer, M.D. and Access, both of whom have been deemed employees of the United States of America pursuant to 42 U.S.C. §233.

2

4.      On October 7, 2016, Plaintiff timely filed its administrative claim with the United States Department of Health and Human Services. (See letter of receipt attached as Exhibit B).

5.      Plaintiff amended its Form 95 on two occasions by letters dated May 12, 2017 and December 22, 2017.  A single letter of receipt was received from the United States Department of Health and Human Services.  These three letters are attached as Exhibits C, D, and E, respectively.

6.      Plaintiff's administrative claim was initially denied by letter dated July 24, 2017, which is attached as Exhibit F.

7.      Plaintiff timely requested reconsideration of its claim by letter dated November 2, 2017, attached as Exhibit G.

8.      An additional notice of final denial of claim was dated January 10, 2018, attached as Exhibit H.

9.      On April 13, 2018, Plaintiff filed suit in the United States District Court for the Northern District of Illinois, Eastern Division against the United States of America, pursuant to the Federal Tort Claims Act, alleging negligent acts or omissions on the part of Dr. Shaffer and Access.

10.     The action against Domingo I. Osunero, Jr., M.D., (hereinafter "Osunero") the state court defendant remains pending in the Circuit Court of Cook County, Case No.: 2015 L 12852.

11.     The Plaintiff files this agreed motion to join the state court defendant, Dr. Osunero, in this action  because the injuries and causation of those injuries to Julia Castellanos, deceased, share common questions of law and fact as  alleged in the Complaints filed in this action and the underlying state court action.

3

12.     Further, judicial efficiency and economy will be achieved by having all of the responsible parties joined in one proceeding which can only be in the federal court proceeding given the exclusive jurisdiction relating to the claim against the United States of America under the Federal Tort Claims Act.

## MEMORANDUM

13.     FRCP 20(a)(2), allows for permissive joinder in circumstances where multiple defendants may be joined in an action if any right to relief is asserted against them jointly, severally, or in the alternative, with respect to or rising out of the same transaction or occurrence, or series of transactions or occurrences, and any question of law or fact common to all defendants will arise in the action.  FED. R. CIV. P. 20 (2018).

14.     The purpose of joinder under FRCP 20 is "to promote trial convenience and expedite the final resolution of disputes, thereby preventing multiple lawsuits, extra expense to the parties and loss of time to the court as well as the litigants appearing before it."  *In re BitTorrent Copyright Infringement Cases*, 12-1188, 2013 WL 501442 at *1 (C.D. Ill. 2013) (quoting *M. K. Tenet*, 216 FRD 133, 137 (DDC 2002)).  The two prongs of FRCP 20(a) are, therefore, "liberally construed in the interests of convenience and judicial economy...in a manner that will secure the just, speedy and inexpensive determination of the action."  *In re BitTorrent* at 2013 WL 501442 at *1 (quoting *Davidson v. District of Columbia*, 736 F. Supp. 2d 115, 119 (DDC 2010)).  "[T]he impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; [and] joinder of claims, parties and remedies is strongly encouraged."  *United Mine Workers of America v. Gibbs*, 383 US 715, 724 (1966).

15.     FRCP 20 essentially requires claims asserted against joined parties to be "logically related."  *Benitez v. American Standard Circuits Inc.*, 678 F. Supp. 2d 745, 769 (ND

4

Ill. 2010); *Disparte v. Corporate Executive Bd.*, 223 FRD 7, 10 (DDC 2004).  This is a flexible test, and courts seek the "broadest possible scope of action."  See *Gibbs*, 383 US at 724.

16.     Federal district courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy….Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." *28 USC §1367(a)*.

17.     It is clear from the pleadings in this case and the Seventh Amended Complaint at Law filed in the Circuit Court of Cook County, Illinois (Exhibit A), that the following facts and allegations of negligence potentially create joint and several liability for the United States of American and Osunero.  Examples include:

a)     The alleged negligent treatment at issue in this case occurred while the patient was under the supervision and care of Lemuel Shaffer, M.D., who was employed by Access at the time; that Dr. Shaffer was supervising a senior MSH Ob-Gyn resident, who participated with Dr. Shaffer in the emergent C-section surgery on November 16, 2015; and that Dr. Shaffer provided surgical and medical treatment to Plaintiff's decedent but failed to identify and react appropriately to the fact that Julia Castellanos had experienced an esophageal intubation leading to her anoxic brain injury as he was the only physician in the operating room for as much as 30 to 40 minutes before a Code Blue was called.

b)     The attending Ob-Gyn, Shaffer, failed to recognize the existence of an esophageal intubation; failed to respond to alarms and other

5

indicators that demonstrated that no oxygen or anesthetic agent
was being delivered to the patient during the emergent C-section
procedure.

18.     Common questions of law or fact predominate as Plaintiff's claims of medical negligence, medical causation and the nature and extent of Julia's injuries and ultimate wrongful death resulting from the negligent treatment alleged in the cases arise under both state and federal law.  These common questions of law and fact include, but are not limited to:

a)     The applicable standards of care existing for each of the healthcare providers involved;

b)     Whether there has been a departure from the applicable standards of care relating to the healthcare providers involved;

c)     Whether the departures from the applicable standards of care are a cause of Plaintiff's personal injuries and ultimate wrongful death;

d)     The nature and extent of Plaintiff's personal injuries prior to her death;

e)     The nature and extent of Julia's survival action damages;

f)     Whether the negligent acts or omissions of the healthcare providers were a cause of Julia Castellanos, deceased's wrongful death.

g)     The nature and extent of Julia's wrongful death damages.

19.     As stated above, the state and federal actions both contain allegations of medical negligence, an issue governed by Illinois law.

20.     In an action under the Federal Tort Claims Act, the court must apply the state court law which would apply in an analogous tort action.  *28 USCA §1346; Goodman v. U.S.*, 298 F. 3d 1048, 1054 (9th Cir. 2002.

6

21.     This court will apply Illinois law regarding the duty, breach, cause, and injury analysis for medical malpractice allegations against Defendant United State of America. *See LeGrande v. U.S.*, 687 F. 3d 800, 808 (7th Cir. 2012) (When analyzing negligence claims under the FTCA, state substantive law governed regarding whether the defendant owed a duty of care to the plaintiff). The same questions of law and fact are considered against Defendant United States of America just as they would be considered against the state court defendant in the Cook County Circuit Court case.

22.     Additionally, Illinois statutes governing agency and scope of employment should be applied by this court. *28 USCA §1346;* See also *Fowler v. U.S.*, 647 F. 3d 1232, 1237 (10th Cir. 2011) ("Scope of employment," for purposes of the FTCA, is determined by the law of the place where the accident occurred). Therefore, any analysis regarding the alleged agency relationship between Dr. Shaffer and his medical group, Access, and the USA and their alleged agents, servants and employees would be the same in either jurisdiction.

23.     The only distinction between the two actions is that Access and Lemuel Shaffer, M.D. are subject to the administrative requirements and exclusive jurisdiction created by the Federal Tort Claims Act, and the sole remaining state court defendant is not. Factually, the federal and state actions involve precisely the same alleged occurrence and nothing more. Pursuant to the requirements of FRCP 20(a)(2)(A), Osunero, the defendant in the Cook County Circuit Court case regarding the November 16, 2015 event should be joined with this case for resolution in the interest of judicial economy and efficiency.

24.     The facts, circumstances and law applicable to this case represent a situation in which permissive joinder should be granted.

7

25.     This motion is agreed to by counsel for the United States of America and Dr. Domingo I. Osunero, Jr., M.D.

## CONCLUSION

26.     Joinder is proper in this case pursuant to FRCP 20(a)(2) and 28 USC §1367.  The federal and state actions involve the same case in controversy, namely, the November 16, 2015 care and treatment of Julia Castellanos, deceased.  In this instance, the federal court has supplemental jurisdiction over the state court action involving the state court defendants.

27.     Attached as Exhibit I is a proposed agreed order granting the motion for joinder.

WHEREFORE, the Plaintiff moves the Court for an order, pursuant to FRCP 20(a)(2) and 28 USC §1367, granting permissive joinder of the state court defendant, namely, Domingo I. Osunero, Jr., M.D. in this case.

Respectfully submitted,

McCALLISTER LAW GROUP, LLC

By:     *s/Gary D. McCallister*
         Gary D. McCallister
         *Attorney for Plaintiff*

Gary D. McCallister
McCALLISTER LAW GROUP, LLC
120 N. LaSalle Street, Suite 2800
Chicago, IL 60602
(312) 345-0611 – Telephone
(312) 345-0612 – Facsimile
gdm@mccallisterlawgroup.com

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of January, 2019, a true and correct copy of the foregoing document was electronically served via email to all attorneys listed on the attached service list.

*/s/Gary D. McCallister*
Gary D. McCallister

9

## SERVICE LIST

Mark M. Burden
David Duffey
**Donohue Brown Mathewson & Smyth LLC**
140 S. Dearborn St., Suite 800
Chicago, Illinois 60603
(312) 422-0917 (Mark direct)
(312) 422-4907 (David direct)
(312) 422-0909 (Fax)
mark.burden@dbmslaw.com
duffey@dbmslaw.com
*Attorneys for Domingo I. Osunero, Jr., M.D.*


United States Attorney for the
Northern District of Illinois
219 S. Dearborn Street
5th Floor
Chicago, IL 60604
*Attorneys for Lemuel Shaffer, M.D.*